## SUMMONS

| | |
|---|---|
| District Court: SIXTH JUDICIAL DISTRICT Grant County, New Mexico Court Address: 201 North Cooper Street, Silver City, New Mexico 88061 Court Telephone Number: 575-538-3250 | Case Number: D-608-cv-2022-188 Judge: Foy |
| Plaintiff: RUBEN ESCANO v. Defendants: INSURANCE SUPERMARKET, INC., a Delaware Corporation; ALEXANDR DUDAREV, an individual; GUARANTEE TRUST LIFE INSURANCE COMPANY, an Illinois Corporation; and JOHN DOES 1–10. | Defendant Name: GUARANTEE TRUST LIFE INSURANCE COMPANY Address: 1275 Milwaukee Avenue, Glenview, Illinois 60025 |

**TO THE ABOVE-NAMED DEFENDANTS:** Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

MICHAEL M. MEDINA
Dated at Silver City, New Mexico, this _2_ day of August, 2023.

CLERK OF COURT

By: _Rachel Torres_

Deputy

Pro Se Plaintiff Name: Ruben Escano
Address: 2311 Ranch Club Road,
Suite #2-180, Silver City, NM 88061
Telephone No.: 201-527-8938
Email Address: rubenescano@gmail.com

Exhibit A

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT

RUBEN ESCANO,

      Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; and JOHN DOES 1–
10,

      Defendants.

FILED
DISTRICT COURT OF
GRANT COUNTY, N.M.

2022 AUG -9 PM 3: 56

Case No. D-608 - CV-2022 - 188

Judge Foy

## COMPLAINT

COMES NOW, Plaintiff Ruben Escano, undersigned, and for his causes of action against the Defendants states and alleges as follows:

### Nature of the Case

1.    This civil action is brought forth in accordance with the United States Telephone Consumer Protection Act ("TCPA"), codified as 47 U.S.C. § 227, and the New Mexico Unfair Practices Act ("NMUPA"), codified as N.M. Stat. Ann. § 57-12, to, *inter alia*, recover statutory damages for automatically-dialed and unsolicited telemarketing calls, and to enjoin such calls.

2.    In enacting the TCPA, "Congress reported, 'many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)).

---

COMPLAINT

Exhibit A

## The Parties

3.    Plaintiff RUBEN ESCANO is an individual and citizen of Silver City, New Mexico, with a mailing address of 2311 Ranch Club Road, #2-180, Silver City, New Mexico 88061.

4.    Defendant INSURANCE SUPERMARKET, INC. ("ISM") is a for-profit corporation organized under the laws of the State of Delaware, with a principal address of 1951 Northwest 7th Avenue, Suite 600, Miami, Florida 33136. Its registered agent is Shawn Kehoe at that same address. ISM owns and operates a call center.

5.    Defendant ALEXANDR DUDAREV is a natural person with an address at 1751 Northwest 7th Street, Miami, Florida 33125. He owns and operates ISM.

6.    Defendant John Does 1–10 are individuals or entities that are also liable for the causes of action alleged herein, but whose identities or liabilities are not yet fully known. Such individuals or entities could be agents or principals of the named Defendants. Plaintiff reserves the right to amend this complaint once information arises to properly implicate these parties.

## Jurisdiction

7.    Plaintiff is a resident and citizen of New Mexico and the calls described herein were received in New Mexico.

8.    The Defendants relied on and availed themselves of the telecommunications infrastructure of New Mexico when transmitting the calls in question.

9.    Defendants offer and market their products or services to residents of New Mexico using means which they know could reach residents of New Mexico, and in the manner in which Defendants offered and marketed their products or services to Plaintiff as alleged herein.

**Causes of Action**

**Introduction**

10.     Beginning August 11, 2021 and continuing to January 14, 2022 Defendants initiated at least twenty automatically-dialed and unsolicited telephone calls (hereinafter, "the calls") to Plaintiff's cell phone, which has a phone number ending in -8938.

11.     At all times relevant, ISM acted under the direction and control of Mr. Dudarev. Mr. Dudarev is also an employee of ISM.

12.     During the calls, Defendants attempted to avoid legal reproach by "spoofing" the phone numbers from which it called so that Plaintiff's cell phone, and any other telephones called, would show inaccurate caller ID information, and by instructing their employees not to immediately communicate the true name of the company calling even when Plaintiff, and any other telephone subscribers that were called, inquired as to the true name of the company.

13.     Plaintiff's cell phone number has been listed on the Federal Trade Commission's National Do Not Call Registry for over a decade.  The FTC's National Do Not Call Registry is available to telemarketers wishing to operate within the law.

14.     All of the calls were made to offer ISM's life and health insurance plans.

15.     During at least one call, Plaintiff spoke to a live phone representative who said she was calling from "Insurance Supermarket."

16.     ISM calls American telephone subscribers across the country, in the manner alleged herein, en-masse to sell its life and health insurance plans.

17.     The content of the calls was substantially similar.  In particular, the sales pitches and intonations of the live phone representatives were similar.  All of the calls were sales calls for

COMPLAINT                                                                Page 3 of 14

life and health insurance. Additionally, at least one phone representative from each call that Plaintiff stayed on the line for, asked Plaintiff for his age, zip code, and full name.

18.     Accordingly, a reasonable person would identify the calls as coming from the same entity.

19.     During the calls, Defendants violated at least seven distinct prohibitions, proscribed by the TCPA, at least 119 times, specifically: 47 U.S.C § 227(b)(1)(A)(iii), § 227(b)(1)(B), § 227(b)(1)(D),    47 C.F.R. § 64.1200(a)(7)(i),    § 64.1200(b)(1),    § 64.1200(b)(2),    and § 64.1200(c)(2).

20.     Defendants also violated at least six distinct prohibitions of the NMUPA at least 95 times, specifically: N.M. Stat. Ann. §§ 57-12-22(A), 57-12-22(B)(1), 57-12-22(B)(2), 57-12-22(B)(7), 57-12-22(C)(1), and 57-12-22(C)(2).

**Relevant Facts and Law**

21.     At no time, during the period in question, did Defendants have any prior business or contractual relationship with Plaintiff.

22.     Accordingly, Defendants did not have an "established business relationship," as defined by 47 C.F.R. § 64.1200(f)(6) and N.M. Stat. Ann. § 57-12-22(D)(1)(a), with Plaintiff.

23.     The calls were initiated for the purpose of encouraging the purchase of goods or services.

24.     Defendants have not received from Plaintiff any prior express invitation or permission to call him.

25.     Accordingly, the calls meet the definition of a "telephone solicitation" under 47 U.S.C. § 227(a)(4) and N.M. Stat. Ann. § 57-12-22(D)(4).

Exhibit A

26.    In transmitting the calls, Defendants utilized equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

27.    Accordingly, the equipment utilized was an "automatic telephone dialing system" (hereinafter, "ATDS") as defined by 47 U.S.C. § 227(a)(1).

28.    Defendant's telemarketing operation used predictive dialer technology.    A predictive dialer is a type of ATDS that, given a set number of phone representatives, "predicts" the maximum number of telephone subscribers that can be called at once in order for the call to be answered within a set period of time by a live phone representative.

29.    Plaintiff's cell phone is a personal phone.

30.    Accordingly, Plaintiff is a "residential subscriber" as defined by 47 U.S.C. § 64.2305(d).

31.    Title 47 U.S.C. § 64.2305(d) applies inclusively "to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers[.]" *Mestas v. CHW Grp.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. 2020).

### Concrete Injury

32.    The calls caused Plaintiff concrete injuries in fact.

33.    The calls caused a partial depletion of the charge of Plaintiff's cell phone battery, a partial depletion of the lifespan of the phone's display, and unwarranted wear and tear for at least both of those components.

34.    The calls aggravated Plaintiff, disrupted his days, and required him to divert attention away from his work and personal life to tend to and answer such unwarranted intrusions of his time.

35.     Accordingly, the calls were repeated invasions of Plaintiff's privacy that required him to divert attention away from his work and personal life to tend to and answer such intrusions of his time.

### ISM and Mr. Dudarev

36.     Mr. Dudarev directed ISM employees to place the calls, in the manner as alleged in the counts *infra*, and controlled such employees throughout and at all times during the counts *infra*.

37.     Mr. Dudarev manifested assent to his right to control the ISM employees by, for example, paying them money.

38.     The ISM employees manifested assent to be controlled by Mr. Dudarev by, for example, placing the calls.

39.     Accordingly, Mr. Dudarev is vicariously liable for the calls under the theory of respondeat superior.

40.     At all times relevant, ISM and Mr. Dudarev were operating on behalf of, to the benefit of, at the direction of, under control of, and as agents of each other.

### The Calls

41.     On August 11, 2021, Defendants called Plaintiff with a prerecorded or artificial message, from the phone number 508-379-4399.

42.     A second time on August 11, 2021, Defendants called Plaintiff.

43.     On August 16, 2021, Defendants called Plaintiff from the phone number 314-912-1250.

COMPLAINT                                                              Page 6 of 14

44.    On August 17, 2021, Defendants called Plaintiff from the phone number 502-947-1377.

45.    On August 18, 2021 Defendants called Plaintiff from the phone number 610-424-6329.

46.    On August 19, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 978-312-8594.

47.    On August 24, 2021, Defendants called Plaintiff with a prerecorded or artificial message.

48.    On August 26, 2021 Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 641-209-2779.

49.    Again on August 26, 2021, Defendants called Plaintiff with a prerecorded or artificial message, from the phone number 920-291-3211.

50.    On August 27, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 845-299-6816.

51.    On August 30, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 802-885-6816.

52.    On September 3, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 574-465-1377.

53.    Again on September 3, 2021, Defendants called Plaintiff with a prerecorded or artificial message, from the phone number 504-732-3660.

54.    On September 8, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 409-228-7294.

55.    On September 13, 2021, Defendants called Plaintiff.

Exhibit A

56.     On September 21, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 385-365-0664.

57.     Again on September 21, 2021, Defendants called Plaintiff from the phone number 802-449-3610.

58.     On September 23, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 816-339-0683.

59.     On September 29, 2021, Defendants called Plaintiff, with a prerecorded or artificial message, from the phone number 802-448-8807.

60.     On January 14, 2022, Defendants called Plaintiff from the phone number 432-278-9847.

## Counts

### COUNT ONE
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii): Utilizing an ATDS to transmit a telephone call to a cell phone.**

61.     Paragraphs 1–60 are hereby incorporated by reference.

62.     When Defendants called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS to do so.

63.     In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

### COUNT TWO
**Violations of 47 U.S.C. § 227(b)(1)(B): Utilizing an artificial or prerecorded voice to deliver a message to a telephone.**

64.     Paragraphs 1–60 are hereby incorporated by reference.

Exhibit A

65.    When Defendants called Plaintiff's cell phone on thirteen dates indicated *supra*, Defendants willfully or knowingly utilized an artificial or prerecorded voice to deliver a message to Plaintiff's phone.

66.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B).

## COUNT THREE
### Violations of 47 U.S.C. § 227(b)(1)(D): Using an ATDS in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

67.    Paragraphs 1–60 are hereby incorporated by reference.

68.    When Defendants called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS in such a way that two or more telephone lines of a multi-line business were engaged simultaneously.

69.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(D).

## COUNT FOUR
### Violations of 47 C.F.R. § 64.1200(a)(7)(i): Allowing a more than two-second delay before responding to answered call.

70.    Paragraphs 1–60 are hereby incorporated by reference.

71.    When Defendants called Plaintiff's cell phone on the dates alleged *supra*, except on 9/29/2021 and 1/14/2022, Defendants willfully or knowingly allowed more than two seconds of silence before responding to Plaintiff's completed greeting.

72.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(a)(7)(i).

## COUNT FIVE
### Violations of 47 C.F.R. § 64.1200(b)(1): Transmitting a telephone call with an artificial or prerecorded message which does not state the identity of the business calling.

73.    Paragraphs 1–60 are hereby incorporated by reference.

COMPLAINT                                                            Page 9 of 14

74.     When Defendants called Plaintiff's cell phone on the thirteen dates indicated *supra*, Defendants willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the true identity of the business calling.

75.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(1).

### COUNT SIX
**Violations of 47 C.F.R. § 64.1200(b)(2): Transmitting a telephone call with an artificial or prerecorded message which does not state the telephone number of the business calling.**

76.     Paragraphs 1–60 are hereby incorporated by reference.

77.     When Defendants called Plaintiff's cell phone on the thirteen dates indicated *supra*, Defendants willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the telephone number of the business calling.

78.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(2).

### COUNT SEVEN
**Violations of 47 C.F.R. § 64.1200(c)(2): Calling a telephone number on the Federal Trade Commission's National Do Not Call Registry.**

79.     Paragraphs 1–60 are hereby incorporated by reference.

80.     When Defendants called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly called a phone number registered on the Federal Trade Commission's National Do Not Call Registry and which Defendants knew or should have known was registered as such.

81.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(c)(2).

### COUNT EIGHT
**Violations of N.M. Stat. Ann. § 57-12-22(A): Utilizing an ATDS with a prerecorded message to transmit a telephone call to a cell phone.**

82.     Paragraphs 1–60 are hereby incorporated by reference.

---

COMPLAINT                                                                    Page 10 of 14

83.     Defendants have not received any consent from Plaintiff to transmit prerecorded messages to him.

84.     When Defendants called Plaintiff's cell phone on the thirteen dates indicated *supra*, Defendants willfully utilized an ATDS and prerecorded message to do so.

85.     In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(A).

## COUNT NINE
### Violations of N.M. Stat. Ann. § 57-12-22(B)(1): Failing to disclose the name of the sponsor of a call within 15 seconds.

86.     Paragraphs 1–60 are hereby incorporated by reference.

87.     When Defendants called Plaintiff's cell phone on the dates alleged *supra*, although Plaintiff stayed on the line for at least 15 seconds and the calls lasted longer than 15 seconds, Defendants never disclosed the true name of the company calling or the company's sponsor during those initial 15-second periods.

88.     Defendants thereby willfully failed to disclose the name of the sponsor of the phone call within 15 seconds of Plaintiff answering the call.

89.     In failing to do so, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(1).

## COUNT TEN
### Violations of N.M. Stat. Ann. § 57-12-22(B)(7): Initiating a call using an ATDS that allows for a more than two-second delay when call is answered.

90.     Paragraphs 1–60 are hereby incorporated by reference.

91.     When Defendants called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully utilized an ATDS that dials and engages the telephone numbers of more than one person at a time but allows the possibility of a called person not being connected to the calling person for a period greater than two seconds.

Exhibit A

92.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(7).

## COUNT ELEVEN
**Violations of N.M. Stat. Ann. § 57-12-22(C)(1): Making a telephone solicitation to a telephone number on the Federal Trade Commission's National Do Not Call Registry.**

93.    Paragraphs 1–60 are hereby incorporated by reference.

94.    When Defendants called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully transmitted a telephone solicitation to a phone number registered on the Federal Trade Commission's National Do Not Call Registry.

95.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(1).

## COUNT TWELVE
**Violations of N.M. Stat. Ann. § 57-12-22(C)(2): Circumventing a Caller ID service.**

96.    Paragraphs 1–60 are hereby incorporated by reference.

97.    By Defendants spoofing their phone numbers when they called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully and intentionally circumvented Plaintiff's use of his caller ID service.

98.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(2).

## COUNT THIRTEEN
**Trespass to Chattels**

99.    Paragraphs 1–60 are hereby incorporated by reference.

100.    Defendants' calls to Plaintiff substantially interfered with, disturbed, and deprived him of the use and enjoyment of his cell phone.

101.    Defendants knew, or should have known, that their calls to Plaintiff's phone, and the phones of other telephone subscribers called, would result in such interference and disturbance to the use of such personal property.

---

COMPLAINT                                                      Page 12 of 14

102.    Accordingly, Defendants are liable to Plaintiff under the theory of trespass to chattels.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

   A.  pursuant to 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B), damages for each of the violations of the TCPA committed by Defendants;

   B.  pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), trebled damages for each of the willful or knowing violations of the TCPA committed by Defendants;

   C.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the violations of the NMUPA committed by Defendants;

   D.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the willful violations of the NMUPA committed by Defendants;

   E.  damages in accordance with the common law theory of trespass to chattels;

   F.  for punitive damages sufficient to punish Defendants for their attempts to avoid legal reproach;

   G.  pursuant to 47 U.S.C. § 227(b)(3)(A), § 227(c)(5)(A), and N.M. Stat. Ann. § 57-12-10(A), for an injunction ordering Defendants to cease their telemarketing calls to Plaintiff;

   H.  pursuant to N.M. Stat. Ann. § 57-12-10(C), for Plaintiff's reasonable and necessary attorney's fees and costs;

   I.  for pre and post-judgment interest;

   J.  and for all other relief to which Plaintiff is justly entitled under New Mexico or Federal law.

Exhibit A

Dated this 5th day of August, 2022.

                                                 Respectfully Submitted,


                                        By: _____

                                             **Ruben Escano**, *pro se*

                                             2311 Ranch Club Road
                                             Suite #2-180
                                             Silver City, NM 88061
                                             (201) 527-8938
                                             rubenescano@gmail.com

Exhibit A

## SUMMONS

| | |
|---|---|
| District Court: SIXTH JUDICIAL DISTRICT Grant County, New Mexico Court Address: 201 North Cooper Street, Silver City, New Mexico 88061 Court Telephone Number: 575-538-3250 | Case Number: D-608-CV-2022-188 Judge: Foy |
| Plaintiff: RUBEN ESCANO v. Defendants: INSURANCE SUPERMARKET, INC., a Delaware Corporation; ALEXANDR DUDAREV, an individual; and JOHN DOES 1–10. | Defendant Name: ALEXANDR DUDAREV Address: 1751 Northwest 7th Street, Miami, Florida 33125 |

### TO THE ABOVE-NAMED DEFENDANTS: Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Silver City, New Mexico this 9 day of August, 2022.

CLERK OF COURT

By: _____
Deputy

SEAL

Pro Se Plaintiff Name: Ruben Escano
Address: 2311 Ranch Club Road,
Suite #2-180, Silver City, NM 88061
Telephone No.: 201-527-8938
Email Address: rubenescano@gmail.com

Exhibit A

FILED
6th JUDICIAL DISTRICT COURT
Grant County
3/23/2023 2:58 PM
MICHAEL M. MEDINA
CLERK OF THE COURT
Alejandra Cruz

STATE OF NEW MEXICO
GRANT COUNTY
SIXTH JUDICIAL DISTRICT COURT

RUBEN ESCANO
V.
INSURANCE SUPERMARKET, INC., ET. AL.                    No. D-608-CV-2022-00188

### DISPOSITION ORDER FOR LACK OF PROSECUTION

THIS MATTER having come before the Court on its own motion, it appearing that no significant action has been taken in 180 or more days in connection with any and all pending claims,

IT IS THEREFORE ORDERED that all pending claims are dismissed without prejudice. Within thirty (30) days after service of this order, any party may move for reinstatement. If other parties have filed an appearance, movant shall comply with Rule 1-007.1 NMRA. Failure to comply with these requirements will result in the denial of the motion without hearing.

IT IS FURTHER ORDERED that all writs, judgments, final orders, or stipulations previously filed herein shall remain in full force and effect unless otherwise ordered.

THE HONORABLE JIM FOY
DISTRICT JUDGE

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Grant County, New Mexico, do hereby certify that I served/mailed/faxed/e-filed a copy of this document to the parties on the date of filing.

By: _____
Trial Court Administrative Assistant

Exhibit A

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT

```
FILED
DISTRICT COURT OF
GRANT COUNTY, N.M

2023 APR 10  PM 2: 57

_____ CLERK
```

RUBEN ESCANO,

      Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; and JOHN DOES 1–
10,

      Defendants.

Case No.: D-608-cv-2022-188

Judge: Foy

## PLAINTIFF RUBEN ESCANO'S
## MOTION FOR REINSTATEMENT OF CASE

In accordance with N.M. R. Civ. P. Dist. Ct. 1-041(E)(2), Plaintiff Ruben Escano, undersigned, respectfully requests reinstatement of this case. Defendants have yet to appear in this case and so this motion is unopposed. In support of this motion, Plaintiff states the following:

### FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2022, Plaintiff filed this civil action in this Court. The Complaint alleges that Defendant Insurance Supermarket, Inc. ("ISI") placed twenty automatically-dialed and unsolicited telemarketing calls to Plaintiff's cell phone. (Complaint at ¶ 10). It alleges that ISI acted under the direction and control of Mr. Dudarev. (*Id.* at ¶ 11). Thus, it alleges that Defendants violated multiple statutory and regulatory prohibitions of the United States Telephone Consumer Protection Act, codified as 47 U.S.C. § 227, and the New Mexico Unfair Practices Act, codified as N.M. Stat. Ann. § 57-12, as well as common law. (*Id.* at ¶ 1, 102).

---

MOTION FOR REINSTATEMENT

Page 1 of 3

Exhibit A

On August 9, 2022, summonses were issued for ISI and Mr. Dudarev. On March 23, 2023, this Court rendered an order dismissing this case for lack of prosecution.

## LEGAL STANDARD

The New Mexico Rules of Civil Procedure provide that, "[w]ithin thirty (30) days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case . . . ." N.M. R. Civ. P. Dist. Ct. 1-041(E)(2). "[A] new complaint need not be filed in order to proceed. A party need only move for reinstatement of the case and show good cause for the lack of action in the case." *Wershaw v. Dimas*, 122 N.M. 592, 594 (N.M. Ct. App. 1996) (citing *Vigil v. Thriftway Mktg. Corp.*, 117 N.M. 176, 179-80, 870 P.2d 138, 141-42 (Ct.App. 1994)).

## ARGUMENT

Good cause exists for reinstatement of this case because Plaintiff has been engaged in settlement negotiations with the Defendants since August 2022. Although no actions of record have been taken since the filing of the Complaint in this case, Plaintiff has been diligently engaged in settlement negotiations with legal counsel for ISI and Mr. Dudarev. On August 9, 2022, Plaintiff emailed courtesy copies of the Complaint and Summonses to Mr. Dudarev, who is an officer of ISI. Plaintiff asked if Mr. Dudarev would waive service in accordance with N.M. R. Civ. P. Dist. Ct. 1-004(A)(2). Mr. Dudarev forwarded the email to Sidney Rua, Vice President of Privacy & Compliance at ISI. On August 10, 2022, Mr. Rua responded and said that he waived service on behalf of Mr. Dudarev and ISI.

Since then, Plaintiff has been engaged in settlement negotiations via email, but Mr. Rua would go months without responding to Plaintiff's emails. Specifically, Plaintiff emailed Mr. Rua

Exhibit A

on August 11, 2022. Plaintiff did not receive a response. Again, on October 21, 2022, Plaintiff sent an email to both Messrs. Rua and Dudarev. Plaintiff did not receive a response. Yet again, on March 13, 2023, Plaintiff emailed Messrs. Rua and Dudarev, informing them that Plaintiff intended to move for default judgment. Finally, on March 14, 2023, Mr. Rua responded and settlement negotiations restarted. However, the last email Plaintiff received from Mr. Rua was on March 23, 2023. Messrs. Rua and Dudarev have not responded to Plaintiff's emails sent since March 24, 2023.

Plaintiff intends to move for default judgment on ISI and Mr. Dudarev, and move to amend the complaint to add an additional party.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests reinstatement of this case.

Dated this 10th day of April, 2023.

Respectfully Submitted,

By: _____

**Ruben J. Escano,** *pro se*

2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

Exhibit A

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT

FILED
DISTRICT COURT OF
GRANT COUNTY, N.M.

2023 APR 10 PM 2: 57

_____
RT          CLERK

RUBEN ESCANO,

    Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; and JOHN DOES 1–
10,

    Defendants.

Case No.: D-608-cv-2022-188

Judge: Foy

## PLAINTIFF RUBEN ESCANO'S
## MOTION FOR LEAVE TO AMENDED COMPLAINT

In accordance with N.M. R. Civ. P. Dist. Ct. 1-015(A), Plaintiff Ruben Escano, undersigned, respectfully requests leave to amend the Complaint with the Proposed First Amended Complaint attached hereto. In support of this motion, Plaintiff states the following:

1. The Proposed First Amended Complaint ("PFAC") adds a new defendant, Guarantee Trust Life Insurance Company ("GTL"), and claims of vicarious liability against GTL.

2. The PFAC also adds additional counts brought forth under the United States Telephone Consumer Protection Act.

3. None of the Defendants have appeared in this case and therefore this motion is unopposed. Plaintiff was engaged in email communications with counsel for Defendants Insurance Supermarket, Inc. and Alexandr Dudarev, however counsel is no longer responding to Plaintiff's emails.

Exhibit A

4. N.M. R. Civ. P. Dist. Ct. 1-015(A) states that "leave [to amend pleadings] shall be freely given when justice requires." Because GTL is also liable for the causes of action, justice is best served by GTL answering for its violative conduct.

5. If leave to amend is granted, Plaintiff intends to file the amended complaint in a separate filing.

Dated this 10th day of April, 2023.

Respectfully Submitted,

By: _____

**Ruben J. Escano,** *pro se*

2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

Exhibit A

# Attachment 1

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT

RUBEN ESCANO,

        Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; GUARANTEE
TRUST LIFE INSURANCE COMPANY, an
Illinois Corporation; and JOHN DOES 1–10,

        Defendants.

Case No.: D-608-cv-2022-188

Judge: Foy

## **PROPOSED FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Ruben Escano, undersigned, and for his causes of action against the Defendants states and alleges as follows:

### **Nature of the Case**

1.    This civil action is brought forth in accordance with the United States Telephone Consumer Protection Act ("TCPA"), codified as 47 U.S.C. § 227, and the New Mexico Unfair Practices Act ("NMUPA"), codified as N.M. Stat. Ann. § 57-12, to, *inter alia*, recover statutory damages for automatically-dialed and unsolicited telemarketing calls, and to enjoin such calls.

2.    In enacting the TCPA, "Congress reported, 'many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)).

Exhibit A

**The Parties**

3.      Plaintiff RUBEN ESCANO is an individual and citizen of Silver City, New Mexico, with a mailing address of 2311 Ranch Club Road, #2-180, Silver City, New Mexico 88061.

4.      Defendant INSURANCE SUPERMARKET, INC. ("ISI") is a for-profit corporation organized under the laws of the State of Delaware, with a principal address of 1951 Northwest 7th Avenue, Suite 600, Miami, Florida 33136. Its registered agent is Shawn Kehoe at that same address. ISI owns and operates a call center.

5.      Defendant ALEXANDR DUDAREV is a natural person with an address at 1751 Northwest 7th Street, Miami, Florida 33125. He owns and operates ISI.

6.      GUARANTEE TRUST LIFE INSURANCE COMPANY ("GTL") is a for-profit corporation organized under the laws of the State of Illinois, with a principal address of 1275 Milwaukee Avenue, Glenview, Illinois 60025. Its registered agent is "Chief Financial Officer" at PO Box 6200 (32314-6200), 200 E. Gaines Street, Tallahassee, Florida 32399-0000.

7.      Defendant John Does 1–10 are individuals or entities that are also liable for the causes of action alleged herein, but whose identities or liabilities are not yet fully known. Such individuals or entities could be agents or principals of the named Defendants. Plaintiff reserves the right to amend this complaint once information arises to properly implicate these parties.

**Jurisdiction**

8.      Plaintiff is a resident and citizen of New Mexico and was in New Mexico at the time a majority of the calls described herein were received.

9.      Defendants relied on and availed themselves of the telecommunications infrastructure of New Mexico in their transmission of the calls in question.

Exhibit A

10.     Defendants offer and market their products or services to residents of New Mexico using means which they know could reach residents of New Mexico, and in the manner in which Defendants offered and marketed their products and services to Plaintiff as alleged herein.

11.     Jurisdiction is proper for the TCPA claims under 47 U.S.C. § 227(b)(3) and § 227(c)(5).

12.     Jurisdiction is proper for the NMUPA claims because the NMUPA is a New Mexico state law and this New Mexico state court has original jurisdiction over claims arising from state law.

13.     Similarly, jurisdiction is proper for the trespass to chattels claims because this state court has original jurisdiction for such common law claims.

<u>**Causes of Action**</u>

**Introduction**

14.     Beginning August 11, 2021 and continuing to January 14, 2022 Defendants initiated at least twenty automatically-dialed and unsolicited telephone calls (hereinafter, "the calls") to Plaintiff's cell phone, which has a phone number ending in -8938.

15.     At all times relevant, ISI acted under the direction and control of Mr. Dudarev. Mr. Dudarev is also an employee of ISI.

16.     ISI placed the calls on behalf of, and with the authorization of, GTL to offer GTL's life and health insurance plans.

17.     During the calls, Defendants attempted to avoid legal reproach by "spoofing" the phone numbers from which they called so that Plaintiff's cell phone, and any other telephones called, would show inaccurate caller ID information, and by instructing their employees not to

---

PROPOSED FIRST AMENDED COMPLAINT                                      Page **3** of **16**

immediately communicate the true name of the company calling even when Plaintiff, and any other telephone subscribers that were called, inquired as to the true name of the company.

18.     Plaintiff's cell phone number has been listed on the Federal Trade Commission's National Do Not Call Registry for over a decade. The FTC's National Do Not Call Registry is available to telemarketers wishing to operate within the law.

19.     During at least one call, Plaintiff spoke to a live phone representative who said she was calling from "Insurance Supermarket."

20.     ISI calls American telephone subscribers across the country, in the manner alleged herein, en-masse to sell GTL's life and health insurance plans.

21.     The content of the calls was substantially similar. In particular, the sales pitches and intonations of the live phone representatives were similar. All of the calls were sales calls for life and health insurance. Additionally, at least one phone representative from each call that Plaintiff stayed on the line for, asked Plaintiff for his age, zip code, and full name.

22.     Accordingly, a reasonable person would identify the calls as coming from the same entity.

23.     During the calls, Defendants violated at least ten distinct prohibitions, proscribed by the TCPA, at least 131 times, specifically: 47 U.S.C § 227(b)(1)(A)(iii), § 227(b)(1)(B), § 227(b)(1)(D),     47 C.F.R. § 64.1200(a)(7)(i),     § 64.1200(b)(1),     § 64.1200(b)(2),     and § 64.1200(c)(2), § 64.1200(c)(2), § 64.1200(d)(1)-(2), and § 64.1200(d)(4).

24.     Defendants also violated at least five distinct prohibitions of the NMUPA at least 113 times, specifically: N.M. Stat. Ann. §§ 57-12-22(A), 57-12-22(B)(1), 57-12-22(B)(7), 57-12-22(C)(1), and 57-12-22(C)(2).

---

## Relevant Facts and Law

25.    At no time, during the period in question, did Defendants have any prior business or contractual relationship with Plaintiff.

26.    Accordingly, Defendants did not have an "established business relationship," as defined by 47 C.F.R. § 64.1200(f)(6) and N.M. Stat. Ann. § 57-12-22(D)(1)(a), with Plaintiff.

27.    The calls were initiated for the purpose of encouraging the purchase of goods or services.

28.    Defendants have not received from Plaintiff any prior express invitation or permission to call him.

29.    Accordingly, the calls meet the definition of a "telephone solicitation" under 47 U.S.C. § 227(a)(4) and N.M. Stat. Ann. § 57-12-22(D)(4).

30.    In transmitting the calls, Defendants utilized equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

31.    Accordingly, the equipment utilized was an "automatic telephone dialing system" (hereinafter, "ATDS") as defined by 47 U.S.C. § 227(a)(1).

32.    Defendant's telemarketing operation used predictive dialer technology.    A predictive dialer is a type of ATDS that, given a set number of phone representatives, "predicts" the maximum number of telephone subscribers that can be called at once in order for the call to be answered within a set period of time by a live phone representative.

33.    Plaintiff's cell phone is a personal phone.

34.    Accordingly, Plaintiff is a "residential subscriber" as defined by 47 U.S.C. § 64.2305(d).

Exhibit A

35.    Title 47 U.S.C. § 64.2305(d) applies inclusively "to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers[.]" *Mestas v. CHW Grp.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. 2020).

### Concrete Injury

36.    The calls caused Plaintiff concrete injuries in fact.

37.    The calls caused a partial depletion of the charge of Plaintiff's cell phone battery, a partial depletion of the lifespan of the phone's display, and unwarranted wear and tear for at least both of those components.

38.    The calls aggravated Plaintiff, disrupted his days, and required him to divert attention away from his work and personal life to tend to and answer such unwarranted intrusions of his time.

39.    Accordingly, the calls were repeated invasions of Plaintiff's privacy that required him to divert attention away from his work and personal life to tend to and answer such intrusions of his time.

### ISI and Mr. Dudarev

40.    Mr. Dudarev directed ISI employees to place the calls, in the manner as alleged in the counts *infra*, and controlled such employees throughout and at all times during the counts *infra*.

41.    Mr. Dudarev manifested assent to his right to control the ISI employees by, for example, paying them money.

42.    The ISI employees manifested assent to be controlled by Mr. Dudarev by, for example, placing the calls.

43.    Accordingly, Mr. Dudarev is vicariously liable for the calls under the theory of respondeat superior.

Exhibit A

44.     At all times relevant, ISI and Mr. Dudarev were operating on behalf of, to the benefit of, at the direction of, under control of, and as agents of each other.

### ISI, Operating on behalf of GTL

45.     During at least one call, including the second call on September 3, 2021, Plaintiff spoke with an ISI telephone representative who offered several choices of GTL's insurance plans. The telephone representative also sent Plaintiff an email with GTL's branding and logo (as well as ISI's branding and logo) and four options of GTL's insurance plans with monthly premiums and coverage limits listed.

46.     ISI operated on behalf of GTL, and under its direct, implied, or apparent authority.

47.     The calls were transmitted in a manner as alleged in the counts *infra*, at the direction of GTL.

48.     GTL knew that the volume of insurance enrollments produced by ISI could not be achieved merely by calling customers who had consented to be called by GTL or ISI.

49.     GTL knew that the volume of insurance enrollments produced by ISI could not be achieved merely by calling customers without using an ATDS.

50.     Nonetheless, GTL paid ISI sales commissions for the insurance enrollments produced by ISI.

51.     Accordingly, GTL is vicariously liable for the calls because they were transmitted in a manner as alleged herein with the ratification of GTL.

52.     GTL authorized ISI sales persons to represent themselves as agents of GTL to potential customers.

53.     Accordingly, GTL is vicariously liable for the calls under the theory of apparent authority.

Exhibit A

54.    GTL controlled ISI throughout and at all times during the counts infra.

55.    GTL manifested assent to its right to control ISI by, for example, directing ISI to sell GTL's insurance plans and then paying ISI sales commissions on those sales.

56.    Accordingly, GTL is vicariously liable for the calls under the theory of respondeat superior.

57.    GTL had an agreement with ISI whereby GTL would pay ISI for the customers it enrolled in GTL's insurance plans.  GTL paid ISI accordingly.

58.    The calls were consistent with GTL's directions or statements telling ISI what to do.

### The Calls

59.    On August 11, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 508-379-4399.

60.    A second time on August 11, 2021, ISI called Plaintiff.

61.    On August 16, 2021, ISI called Plaintiff from the phone number 314-912-1250.

62.    On August 17, 2021, ISI called Plaintiff from the phone number 502-947-1377.

63.    On August 18, 2021, ISI called Plaintiff from the phone number 610-424-6329.

64.    On August 19, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 978-312-8594.

65.    On August 24, 2021, ISI called Plaintiff with a prerecorded or artificial message.

66.    On August 26, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 641-209-2779.

67.    Again on August 26, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 920-291-3211.

68.    On August 27, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 845-299-6816.

69.    On August 30, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 802-885-6816.

70.    On September 3, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 574-465-1377.

71.    Again on September 3, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 504-732-3660.

72.    On September 8, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 409-228-7294.

73.    On September 13, 2021, ISI called Plaintiff.

74.    On September 21, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 385-365-0664.

75.    Again on September 21, 2021, ISI called Plaintiff from the phone number 802-449-3610.

76.    On September 23, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 816-339-0683.

77.    On September 29, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 802-448-8807.

78.    On January 14, 2022, ISI called Plaintiff from the phone number 432-278-9847.

Exhibit A

## Counts

### COUNT ONE
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii): Utilizing an ATDS to transmit a telephone call to a cell phone.**

79.    Paragraphs 1–78 are hereby incorporated by reference.

80.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS to do so.

81.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

### COUNT TWO
**Violations of 47 U.S.C. § 227(b)(1)(B): Utilizing an artificial or prerecorded voice to deliver a message to a telephone.**

82.    Paragraphs 1–78 are hereby incorporated by reference.

83.    When ISI called Plaintiff's cell phone on thirteen dates indicated *supra*, Defendants willfully or knowingly utilized an artificial or prerecorded voice to deliver a message to Plaintiff's phone.

84.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B).

### COUNT THREE
**Violations of 47 U.S.C. § 227(b)(1)(D): Using an ATDS in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.**

85.    Paragraphs 1–78 are hereby incorporated by reference.

86.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS in such a way that two or more telephone lines of a multi-line business were engaged simultaneously.

87.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(D).

Exhibit A

## COUNT FOUR
**Violations of 47 C.F.R. § 64.1200(a)(7)(i): Allowing a more than two-second delay before responding to answered call.**

88.    Paragraphs 1–78 are hereby incorporated by reference.

89.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, except on September 29, 2021 and January 14, 2022, Defendants willfully or knowingly allowed more than two seconds of silence before responding to Plaintiff's completed greeting.

90.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(a)(7)(i).

## COUNT FIVE
**Violations of 47 C.F.R. § 64.1200(c)(2): Calling a telephone number on the Federal Trade Commission's National Do Not Call Registry.**

91.    Paragraphs 1–78 are hereby incorporated by reference.

92.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully or knowingly called a phone number registered on the Federal Trade Commission's National Do Not Call Registry and which Defendants knew or should have known was registered as such.

93.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(c)(2).

## COUNT SIX
**Violations of 47 C.F.R. § 64.1200(d)(1)-(2): Failing to have a written policy for properly maintaining an internal do-not-call list.**

94.    Paragraphs 1–78 are hereby incorporated by reference.

95.    Defendants either failed to institute a written policy for maintaining an internal do-not-call list, or failed to train their phone representatives and other personnel in the existence and proper use of an internal do-not-call list.

Exhibit A

96.    In so doing, during each of the calls alleged *supra*, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(d)(1)-(2).

## COUNT SEVEN
### Violations of 47 C.F.R. § 64.1200(d)(4): Failing to provide contact information for the sponsor of call.

97.    Paragraphs 1–78 are hereby incorporated by reference.

98.    When ISI called Plaintiff on the dates alleged *supra*, ISI failed to provide Plaintiff with a telephone number or address at which Plaintiff could contact the sponsor of the call—*i.e.*, the Defendants—without requiring a sale first be made.

99.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(d)(4).

## COUNT EIGHT
### Violations of N.M. Stat. Ann. § 57-12-22(A): Utilizing an ATDS with a prerecorded message to transmit a telephone call to a cell phone.

100.    Paragraphs 1–78 are hereby incorporated by reference.

101.    Defendants have not received any consent from Plaintiff to transmit prerecorded messages to him.

102.    When ISI called Plaintiff's cell phone on the thirteen dates indicated *supra*, ISI willfully utilized an ATDS and prerecorded message to do so.

103.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(A).

## COUNT NINE
### Violations of N.M. Stat. Ann. § 57-12-22(B)(1): Failing to disclose the name of the sponsor of a call within 15 seconds.

104.    Paragraphs 1–78 are hereby incorporated by reference.

105.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, although Plaintiff stayed on the line for at least 15 seconds and the calls lasted longer than 15 seconds, ISI never

Exhibit A

disclosed the true name of the company calling or the company's sponsor during those initial 15-second periods.

106.    ISI thereby willfully failed to disclose the name of the sponsor of the phone call within 15 seconds of Plaintiff answering the call.

107.    In failing to do so, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(1).

## COUNT TEN
### Violations of N.M. Stat. Ann. § 57-12-22(B)(7): Initiating a call using an ATDS that allows for a more than two-second delay when call is answered.

108.    Paragraphs 1–78 are hereby incorporated by reference.

109.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully utilized an ATDS that dials and engages the telephone numbers of more than one person at a time but allows the possibility of a called person not being connected to the calling person for a period greater than two seconds.

110.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(7).

## COUNT ELEVEN
### Violations of N.M. Stat. Ann. § 57-12-22(C)(1): Making a telephone solicitation to a telephone number on the Federal Trade Commission's National Do Not Call Registry.

111.    Paragraphs 1–78 are hereby incorporated by reference.

112.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully transmitted a telephone solicitation to a phone number registered on the Federal Trade Commission's National Do Not Call Registry.

113.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(1).

## COUNT TWELVE
### Violations of N.M. Stat. Ann. § 57-12-22(C)(2): Circumventing a Caller ID service.

114.    Paragraphs 1–78 are hereby incorporated by reference.

115.    By ISI spoofing its phone numbers when it called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully and intentionally circumvented Plaintiff's use of his caller ID service.

116.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(2).

### COUNT THIRTEEN
### Trespass to Chattels

117.    Paragraphs 1–78 are hereby incorporated by reference.

118.    The calls to Plaintiff substantially interfered with, disturbed, and deprived him of the use and enjoyment of his cell phone.

119.    Defendants knew, or should have known, that their calls to Plaintiff's phone, and the phones of other telephone subscribers called, would result in such interference and disturbance to the use of such personal property.

120.    When ISI called Plaintiff's cell phone on the thirteen dates alleged *supra*, ISI willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the true identity of the business calling.

121.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(1).

122.    When ISI called Plaintiff's cell phone on the thirteen dates alleged *supra*, ISI willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the telephone number of the business calling.

123.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(2).

124.    Defendants structured their telemarketing operation to shirk regulatory requirements (including, 47 C.F.R. § 64.1200(b)(1)-(2)) that, if followed, would have allowed Plaintiff, and any other telephone subscribers called, to identify the caller and sponsor of the call, contact the sponsor of the calls, and prevent further calls. This is because Defendants knew they

Exhibit A

were causing a disturbance to the personal property of telephone subscribers throughout the country, including Plaintiff.

125.    Accordingly, Defendants are liable to Plaintiff under the theory of trespass to chattels.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

  A.  pursuant to 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B), damages for each of the violations of the TCPA committed by Defendants;

  B.  pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), trebled damages for each of the willful or knowing violations of the TCPA committed by Defendants;

  C.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the violations of the NMUPA committed by Defendants;

  D.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the willful violations of the NMUPA committed by Defendants;

  E.  damages in accordance with the common law theory of trespass to chattels;

  F.  for punitive damages sufficient to punish Defendants for their attempts to avoid legal reproach;

  G.  pursuant to 47 U.S.C. § 227(b)(3)(A), § 227(c)(5)(A), and N.M. Stat. Ann. § 57-12-10(A), for an injunction ordering Defendants to cease their telemarketing calls to Plaintiff;

  H.  pursuant to N.M. Stat. Ann. § 57-12-10(C), for Plaintiff's reasonable and necessary attorney's fees and costs;

  I.  for pre and post-judgment interest;

J.   and for all other relief to which Plaintiff is justly entitled under New Mexico
     or Federal law.

Dated this 10th day of April, 2023.

                                 Respectfully Submitted,

By: _____

**Ruben J. Escano**, *pro se*

2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

Exhibit A

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT



FILED
DISTRICT COURT OF
GRANT COUNTY, N.M.

2023 APR 10 PM 2:57

CLERK

RUBEN ESCANO,

      Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; and JOHN DOES 1–
10,

      Defendants.

Case No.: D-608-cv-2022-188

Judge: Foy

## CERTIFICATE OF SERVICE

In accordance with N.M. R. Civ. P. Dist. Ct. 1-005(E), Plaintiff Ruben Escano, undersigned, hereby certifies that the following documents, filed contemporaneously with this certificate, were served on Defendants Insurance Supermarket, Inc. and Alexandr Dudarev ("Defendants") as follows:

1. *Plaintiff Ruben Escano's Motion for Reinstatement of Case*; and

2. *Plaintiff Ruben Escano's Motion for Leave to Amend Complaint* were both served by mailing to Defendants at 1751 Northwest 7th Street, Miami, Florida 33125 on April 10, 2022.

\*    \*    \*

CERTIFICATE OF SERVICE                                               Page 1 of 2

Exhibit A

Dated this 10th day of April, 2023.

Respectfully Submitted,

By: _____

**Ruben J. Escano**, *pro se*

2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

CERTIFICATE OF SERVICE                                    Page **2** of **2**

Exhibit A

Jim Foy
District Judge
Division III



FILED
6th JUDICIAL DISTRICT COURT
Grant County
6/23/2023 3:22 PM
MICHAEL M. MEDINA
CLERK OF THE COURT
Michael M. Medina

State of New Mexico
## SIXTH JUDICIAL DISTRICT COURT
Luna, Grant and Hidalgo Counties

GRANT COUNTY DISTRICT COURT
P.O. Box 2339
Silver City, New Mexico 88062

June 23, 2023

Mr. Ruben Escano
2311 Ranch Club Road
Box 2-180
Silver City, NM 88061

Re:    Escano v. Insurance Supermarket, Inc. et.al.
        D-608-CV-2022-00188

Dear Mr. Escano:

Rule 15 of the New Mexico Rules of Civil Procedure does not require leave of the Court to amend your complaint before a responsive pleading is filed. As a result, I will not sign an order granting you leave to amend your complaint. You may file an amended complaint up until a responsive pleading is filed in this cause without leave of the Court.

Sincerely,

JIM FOY
Sixth Judicial District Judge
Division III

Exhibit A

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT

FILED
DISTRICT COURT OF
GRANT COUNTY, N.M.

2023 AUG -2 PM 2: 34

CLERK

RUBEN ESCANO,

      Plaintiff,

v.

INSURANCE SUPERMARKET, INC., a
Delaware Corporation; ALEXANDR
DUDAREV, an individual; GUARANTEE
TRUST LIFE INSURANCE COMPANY, an
Illinois Corporation; and JOHN DOES 1–10,

      Defendants.

Case No.: D-608-cv-2022-188

Judge: Foy

## FIRST AMENDED COMPLAINT

      COMES NOW, Plaintiff Ruben Escano, undersigned, and for his causes of action against the Defendants states and alleges as follows:

### Nature of the Case

      1.    This civil action is brought forth in accordance with the United States Telephone Consumer Protection Act ("TCPA"), codified as 47 U.S.C. § 227, and the New Mexico Unfair Practices Act ("NMUPA"), codified as N.M. Stat. Ann. § 57-12, to, *inter alia*, recover statutory damages for automatically-dialed and unsolicited telemarketing calls, and to enjoin such calls.

      2.    In enacting the TCPA, "Congress reported, 'many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)).

---

FIRST AMENDED COMPLAINT

Exhibit A

## The Parties

3.      Plaintiff RUBEN ESCANO is an individual and citizen of Silver City, New Mexico, with a mailing address of 2311 Ranch Club Road, #2-180, Silver City, New Mexico 88061.

4.      Defendant INSURANCE SUPERMARKET, INC. ("ISI") is a for-profit corporation organized under the laws of the State of Delaware, with a principal address of 1951 Northwest 7th Avenue, Suite 600, Miami, Florida 33136. Its registered agent is Shawn Kehoe at that same address. ISI owns and operates a call center.

5.      Defendant ALEXANDR DUDAREV is a natural person with an address at 1751 Northwest 7th Street, Miami, Florida 33125. He owns and operates ISI.

6. ·    GUARANTEE TRUST LIFE INSURANCE COMPANY ("GTL") is a for-profit corporation organized under the laws of the State of Illinois, with a principal address of 1275 Milwaukee Avenue, Glenview, Illinois 60025. Its registered agent is "Chief Financial Officer" at PO Box 6200 (32314-6200), 200 E. Gaines Street, Tallahassee, Florida 32399-0000.

7.      Defendant John Does 1–10 are individuals or entities that are also liable for the causes of action alleged herein, but whose identities or liabilities are not yet fully known. Such individuals or entities could be agents or principals of the named Defendants. Plaintiff reserves the right to amend this complaint once information arises to properly implicate these parties.

## Jurisdiction

8.      Plaintiff is a resident and citizen of New Mexico and was in New Mexico at the time a majority of the calls described herein were received.

9.      Defendants relied on and availed themselves of the telecommunications infrastructure of New Mexico in their transmission of the calls in question.

---

FIRST AMENDED COMPLAINT                                        Page **2** of **16**

10.     Defendants offer and market their products or services to residents of New Mexico using means which they know could reach residents of New Mexico, and in the manner in which Defendants offered and marketed their products and services to Plaintiff as alleged herein.

11.     Jurisdiction is proper for the TCPA claims under 47 U.S.C. § 227(b)(3) and § 227(c)(5).

12.     Jurisdiction is proper for the NMUPA claims because the NMUPA is a New Mexico state law and this New Mexico state court has original jurisdiction over claims arising from state law.

13.     Similarly, jurisdiction is proper for the trespass to chattels claims because this state court has original jurisdiction for such common law claims.

## Causes of Action

### Introduction

14.     Beginning August 11, 2021 and continuing to January 14, 2022 Defendants initiated at least twenty automatically-dialed and unsolicited telephone calls (hereinafter, "the calls") to Plaintiff's cell phone, which has a phone number ending in -8938.

15.     At all times relevant, ISI acted under the direction and control of Mr. Dudarev. Mr. Dudarev is also an employee of ISI.

16.     ISI placed the calls on behalf of, and with the authorization of, GTL to offer GTL's life and health insurance plans.

17.     During the calls, Defendants attempted to avoid legal reproach by "spoofing" the phone numbers from which they called so that Plaintiff's cell phone, and any other telephones called, would show inaccurate caller ID information, and by instructing their employees not to

---

immediately communicate the true name of the company calling even when Plaintiff, and any other telephone subscribers that were called, inquired as to the true name of the company.

18.     Plaintiff's cell phone number has been listed on the Federal Trade Commission's National Do Not Call Registry for over a decade.  The FTC's National Do Not Call Registry is available to telemarketers wishing to operate within the law.

19.     During at least one call, Plaintiff spoke to a live phone representative who said she was calling from "Insurance Supermarket."

20.     ISI calls American telephone subscribers across the country, in the manner alleged herein, en-masse to sell GTL's life and health insurance plans.

21.     The content of the calls was substantially similar.  In particular, the sales pitches and intonations of the live phone representatives were similar.  All of the calls were sales calls for life and health insurance.  Additionally, at least one phone representative from each call that Plaintiff stayed on the line for, asked Plaintiff for his age, zip code, and full name.

22.     Accordingly, a reasonable person would identify the calls as coming from the same entity.

23.     During the calls, Defendants violated at least nine distinct prohibitions, proscribed by the TCPA, at least 131 times, specifically: 47 U.S.C § 227(b)(1)(A)(iii), § 227(b)(1)(B), § 227(b)(1)(D),     47 C.F.R. § 64.1200(a)(7)(i),     § 64.1200(b)(1),     § 64.1200(b)(2),     and § 64.1200(c)(2), § 64.1200(d)(1)-(2), and § 64.1200(d)(4).

24.     Defendants also violated at least five distinct prohibitions of the NMUPA at least 113 times, specifically: N.M. Stat. Ann. §§ 57-12-22(A), 57-12-22(B)(1), 57-12-22(B)(7), 57-12-22(C)(1), and 57-12-22(C)(2).

## Relevant Facts and Law

25.     At no time, during the period in question, did Defendants have any prior business or contractual relationship with Plaintiff.

26.     Accordingly, Defendants did not have an "established business relationship," as defined by 47 C.F.R. § 64.1200(f)(6) and N.M. Stat. Ann. § 57-12-22(D)(1)(a), with Plaintiff.

27.     The calls were initiated for the purpose of encouraging the purchase of goods or services.

28.     Defendants have not received from Plaintiff any prior express invitation or permission to call him.

29.     Accordingly, the calls meet the definition of a "telephone solicitation" under 47 U.S.C. § 227(a)(4) and N.M. Stat. Ann. § 57-12-22(D)(4).

30.     In transmitting the calls, Defendants utilized equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

31.     Accordingly, the equipment utilized was an "automatic telephone dialing system" (hereinafter, "ATDS") as defined by 47 U.S.C. § 227(a)(1).

32.     Defendant's telemarketing operation used predictive dialer technology.    A predictive dialer is a type of ATDS that, given a set number of phone representatives, "predicts" the maximum number of telephone subscribers that can be called at once in order for the call to be answered within a set period of time by a live phone representative.

33.     Plaintiff's cell phone is a personal phone.

34.     Accordingly, Plaintiff is a "residential subscriber" as defined by 47 U.S.C. § 64.2305(d).

Exhibit A

35.    Title 47 U.S.C. § 64.2305(d) applies inclusively "to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers[.]" *Mestas v. CHW Grp.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. 2020).

### Concrete Injury

36.    The calls caused Plaintiff concrete injuries in fact.

37.    The calls caused a partial depletion of the charge of Plaintiff's cell phone battery, a partial depletion of the lifespan of the phone's display, and unwarranted wear and tear for at least both of those components.

38.    The calls aggravated Plaintiff, disrupted his days, and required him to divert attention away from his work and personal life to tend to and answer such unwarranted intrusions of his time.

39.    Accordingly, the calls were repeated invasions of Plaintiff's privacy that required him to divert attention away from his work and personal life to tend to and answer such intrusions of his time.

### ISI and Mr. Dudarev

40.    Mr. Dudarev directed ISI employees to place the calls, in the manner as alleged in the counts *infra*, and controlled such employees throughout and at all times during the counts *infra*.

41.    Mr. Dudarev manifested assent to his right to control the ISI employees by, for example, paying them money.

42.    The ISI employees manifested assent to be controlled by Mr. Dudarev by, for example, placing the calls.

43.    Accordingly, Mr. Dudarev is vicariously liable for the calls under the theory of respondeat superior.

---

Exhibit A

44.    At all times relevant, ISI and Mr. Dudarev were operating on behalf of, to the benefit of, at the direction of, under control of, and as agents of each other.

## ISI, Operating on behalf of GTL

45.    During at least one call, including the second call on September 3, 2021, Plaintiff spoke with an ISI telephone representative who offered several choices of GTL's insurance plans. The telephone representative also sent Plaintiff an email with GTL's branding and logo (as well as ISI's branding and logo) and four options of GTL's insurance plans with monthly premiums and coverage limits listed.

46.    ISI operated on behalf of GTL, and under its direct, implied, or apparent authority.

47.    The calls were transmitted in a manner as alleged in the counts *infra*, at the direction of GTL.

48.    GTL knew that the volume of insurance enrollments produced by ISI could not be achieved merely by calling customers who had consented to be called by GTL or ISI.

49.    GTL knew that the volume of insurance enrollments produced by ISI could not be achieved merely by calling customers without using an ATDS.

50.    GTL knew or should have known of ISI's telemarketing activities. Nonetheless, GTL paid ISI sales commissions for the insurance enrollments produced by ISI.

51.    Accordingly, GTL is vicariously liable for the calls because they were transmitted in a manner as alleged herein with the ratification of GTL.

52.    GTL authorized ISI sales persons to represent themselves as agents of GTL to potential customers.

53.    Accordingly, GTL is vicariously liable for the calls under the theory of apparent authority.

Exhibit A

54.     GTL controlled ISI throughout and at all times during the counts infra.

55.     GTL manifested assent to its right to control ISI by, for example, directing ISI to sell GTL's insurance plans and then paying ISI sales commissions on those sales.

56.     Accordingly, GTL is vicariously liable for the calls under the theory of respondeat superior.

57.     GTL had an agreement with ISI whereby GTL would pay ISI for the customers it enrolled in GTL's insurance plans. GTL paid ISI accordingly.

58.     The calls were consistent with GTL's directions or statements telling ISI what to do.

**The Calls**

59.     On August 11, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 508-379-4399.

60.     A second time on August 11, 2021, ISI called Plaintiff.

61.     On August 16, 2021, ISI called Plaintiff from the phone number 314-912-1250.

62.     On August 17, 2021, ISI called Plaintiff from the phone number 502-947-1377.

63.     On August 18, 2021, ISI called Plaintiff from the phone number 610-424-6329.

64.     On August 19, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 978-312-8594.

65.     On August 24, 2021, ISI called Plaintiff with a prerecorded or artificial message.

66.     On August 26, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 641-209-2779.

67.     Again on August 26, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 920-291-3211.

68.     On August 27, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 845-299-6816.

69.     On August 30, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 802-885-6816.

70.     On September 3, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 574-465-1377.

71.     Again on September 3, 2021, ISI called Plaintiff with a prerecorded or artificial message, from the phone number 504-732-3660.

72.     On September 8, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 409-228-7294.

73.     On September 13, 2021, ISI called Plaintiff.

74.     On September 21, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 385-365-0664.

75.     Again on September 21, 2021, ISI called Plaintiff from the phone number 802-449-3610.

76.     On September 23, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 816-339-0683.

77.     On September 29, 2021, ISI called Plaintiff, with a prerecorded or artificial message, from the phone number 802-448-8807.

78.     On January 14, 2022, ISI called Plaintiff from the phone number 432-278-9847.

<u>Counts</u>

### COUNT ONE
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii): Utilizing an ATDS to transmit a telephone call to a cell phone.**

79.    Paragraphs 1–78 are hereby incorporated by reference.

80.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS to do so.

81.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

### COUNT TWO
**Violations of 47 U.S.C. § 227(b)(1)(B): Utilizing an artificial or prerecorded voice to deliver a message to a telephone.**

82.    Paragraphs 1–78 are hereby incorporated by reference.

83.    When ISI called Plaintiff's cell phone on thirteen dates indicated *supra*, Defendants willfully or knowingly utilized an artificial or prerecorded voice to deliver a message to Plaintiff's phone.

84.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(B).

### COUNT THREE
**Violations of 47 U.S.C. § 227(b)(1)(D): Using an ATDS in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.**

85.    Paragraphs 1–78 are hereby incorporated by reference.

86.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, Defendants willfully or knowingly utilized an ATDS in such a way that two or more telephone lines of a multi-line business were engaged simultaneously.

87.    In so doing, Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1)(D).

---

FIRST AMENDED COMPLAINT                                    Page **10** of **16**

## COUNT FOUR
### Violations of 47 C.F.R. § 64.1200(a)(7)(i): Allowing a more than two-second delay before responding to answered call.

88.     Paragraphs 1–78 are hereby incorporated by reference.

89.     When ISI called Plaintiff's cell phone on the dates alleged *supra*, except on September 29, 2021 and January 14, 2022, Defendants willfully or knowingly allowed more than two seconds of silence before responding to Plaintiff's completed greeting.

90.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(a)(7)(i).

## COUNT FIVE
### Violations of 47 C.F.R. § 64.1200(c)(2): Calling a telephone number on the Federal Trade Commission's National Do Not Call Registry.

91.     Paragraphs 1–78 are hereby incorporated by reference.

92.     When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully or knowingly called a phone number registered on the Federal Trade Commission's National Do Not Call Registry and which Defendants knew or should have known was registered as such.

93.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(c)(2).

## COUNT SIX
### Violations of 47 C.F.R. § 64.1200(d)(1)-(2): Failing to have a written policy for properly maintaining an internal do-not-call list.

94.     Paragraphs 1–78 are hereby incorporated by reference.

95.     Defendants either failed to institute a written policy for maintaining an internal do-not-call list, or failed to train their phone representatives and other personnel in the existence and proper use of an internal do-not-call list.

96.     In so doing, during each of the calls alleged *supra*, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(d)(1)-(2).

## COUNT SEVEN
### Violations of 47 C.F.R. § 64.1200(d)(4): Failing to provide contact information for the sponsor of call.

97.     Paragraphs 1–78 are hereby incorporated by reference.

98.     When ISI called Plaintiff on the dates alleged *supra*, ISI failed to provide Plaintiff with a telephone number or address at which Plaintiff could contact the sponsor of the call—*i.e.*, the Defendants—without requiring a sale first be made.

99.     In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(d)(4).

## COUNT EIGHT
### Violations of N.M. Stat. Ann. § 57-12-22(A): Utilizing an ATDS with a prerecorded message to transmit a telephone call to a cell phone.

100.    Paragraphs 1–78 are hereby incorporated by reference.

101.    Defendants have not received any consent from Plaintiff to transmit prerecorded messages to him.

102.    When ISI called Plaintiff's cell phone on the thirteen dates indicated *supra*, ISI willfully utilized an ATDS and prerecorded message to do so.

103.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(A).

## COUNT NINE
### Violations of N.M. Stat. Ann. § 57-12-22(B)(1): Failing to disclose the name of the sponsor of a call within 15 seconds.

104.    Paragraphs 1–78 are hereby incorporated by reference.

105.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, although Plaintiff stayed on the line for at least 15 seconds and the calls lasted longer than 15 seconds, ISI never

---

Exhibit A

disclosed the true name of the company calling or the company's sponsor during those initial 15-second periods.

106.    ISI thereby willfully failed to disclose the name of the sponsor of the phone call within 15 seconds of Plaintiff answering the call.

107.    In failing to do so, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(1).

## COUNT TEN
### Violations of N.M. Stat. Ann. § 57-12-22(B)(7): Initiating a call using an ATDS that allows for a more than two-second delay when call is answered.

108.    Paragraphs 1–78 are hereby incorporated by reference.

109.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully utilized an ATDS that dials and engages the telephone numbers of more than one person at a time but allows the possibility of a called person not being connected to the calling person for a period greater than two seconds.

110.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(B)(7).

## COUNT ELEVEN
### Violations of N.M. Stat. Ann. § 57-12-22(C)(1): Making a telephone solicitation to a telephone number on the Federal Trade Commission's National Do Not Call Registry.

111.    Paragraphs 1–78 are hereby incorporated by reference.

112.    When ISI called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully transmitted a telephone solicitation to a phone number registered on the Federal Trade Commission's National Do Not Call Registry.

113.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(1).

## COUNT TWELVE
### Violations of N.M. Stat. Ann. § 57-12-22(C)(2): Circumventing a Caller ID service.

114.    Paragraphs 1–78 are hereby incorporated by reference.

Exhibit A

115.    By ISI spoofing its phone numbers when it called Plaintiff's cell phone on the dates alleged *supra*, ISI willfully and intentionally circumvented Plaintiff's use of his caller ID service.

116.    In so doing, Defendants willfully violated N.M. Stat. Ann. § 57-12-22(C)(2).

## COUNT THIRTEEN
### Trespass to Chattels

117.    Paragraphs 1–78 are hereby incorporated by reference.

118.    The calls to Plaintiff substantially interfered with, disturbed, and deprived him of the use and enjoyment of his cell phone.

119.    Defendants knew, or should have known, that their calls to Plaintiff's phone, and the phones of other telephone subscribers called, would result in such interference and disturbance to the use of such personal property.

120.    When ISI called Plaintiff's cell phone on the thirteen dates alleged *supra*, ISI willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the true identity of the business calling.

121.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(1).

122.    When ISI called Plaintiff's cell phone on the thirteen dates alleged *supra*, ISI willfully or knowingly utilized an artificial or prerecorded voice to deliver a message which did not state the telephone number of the business calling.

123.    In so doing, Defendants willfully or knowingly violated 47 C.F.R. § 64.1200(b)(2).

124.    Defendants structured their telemarketing operation to shirk regulatory requirements (including, 47 C.F.R. § 64.1200(b)(1)-(2)) that, if followed, would have allowed Plaintiff, and any other telephone subscribers called, to identify the caller and sponsor of the call, contact the sponsor of the calls, and prevent further calls. This is because Defendants knew they

---

FIRST AMENDED COMPLAINT                                    Page **14** of **16**

Exhibit A

were causing a disturbance to the personal property of telephone subscribers throughout the country, including Plaintiff.

125.    Accordingly, Defendants are liable to Plaintiff under the theory of trespass to chattels.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.  pursuant to 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B), damages for each of the violations of the TCPA committed by Defendants;

B.  pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), trebled damages for each of the willful or knowing violations of the TCPA committed by Defendants;

C.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the violations of the NMUPA committed by Defendants;

D.  pursuant to N.M. Stat. Ann. § 57-12-10(B), damages for each of the willful violations of the NMUPA committed by Defendants;

E.  damages in accordance with the common law theory of trespass to chattels;

F.  for punitive damages sufficient to punish Defendants for their attempts to avoid legal reproach;

G.  pursuant to 47 U.S.C. § 227(b)(3)(A), § 227(c)(5)(A), and N.M. Stat. Ann. § 57-12-10(A), for an injunction ordering Defendants to cease their telemarketing calls to Plaintiff;

H.  pursuant to N.M. Stat. Ann. § 57-12-10(C), for Plaintiff's reasonable and necessary attorney's fees and costs;

I.  for pre and post-judgment interest;

Exhibit A

J.   and for all other relief to which Plaintiff is justly entitled under New Mexico

or Federal law.

Dated this 1st day of August, 2023.

Respectfully Submitted,


By: _____

**Ruben J. Escano,** *pro se*

2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

---

FIRST AMENDED COMPLAINT                                    Page **16** of **16**

Exhibit A

FILED
6th JUDICIAL DISTRICT COURT
Grant County
9/15/2023 3:30 PM
MICHAEL M. MEDINA
CLERK OF THE COURT
Erik M Chavez

**COUNTY OF GRANT**
**SIXTH JUDICIAL DISTRICT COURT**
**STATE OF NEW MEXICO**

|  |  |  |
|---|---|---|
| **RUBEN ESCANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. D-608-CV-2022-188** |
| | ) | |
| **INSURANCE SUPERMARKET, INC.,** | ) | |
| **a Delaware Corporation; ALEXANDR** | ) | |
| **DUDAREV, an individual;** | ) | |
| **GUARANTEE TRUST LIFE** | ) | |
| **INSURANCE COMPANY, an Illinois** | ) | |
| **Corporation; and John Does 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF NOTICE OF REMOVAL

Please take notice that on the 15th day of September 2023, Defendants, INSURANCE

SUPERMARKET, INC., ALEXANDR DUDAREV, and GUARANTEE TRUST LIFE

INSURANCE COMPANY, filed a Notice of Removal of the above-actioned action in and to the

United States District Court, District of New Mexico, pursuant to 28 U.S.C. § 1441.  A copy of

the Notice of Removal without exhibits is attached hereto as Exhibit A.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/Linn E. Gillen*
        Linn E. Gillen
500 Marquette Ave., NW Suite 1050
Albuquerque, NM 87102
(505) 878-0515
Linn.Gillen@jacksonlewis.com
*Attorneys for Defendant s, Insurance Supermarket,*
*Inc., Alexandr Dudarev, and Guarantee Trust Life*
*Insurance Company*

Exhibit C
Exhibit A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2023, the foregoing was electronically filed through the State of New Mexico's Odyssey File & Services System and a copy furnished by email to:

> Ruben J. Escano,
> Pro Se Plaintiff,
> 2311 Ranch Club Road, Suite #2-180,
> Silver City, NM 88061
>  rubenescano@gmail.com

JACKSON LEWIS P.C.

By:  */s/Linn Gillen*
    Linn Gillen

.

Exhibit C
Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

RUBEN ESCANO,            )

              Plaintiff,      )

vs.                      )      CASE NO.

INSURANCE SUPERMARKET, INC., )
a Delaware Corporation; ALEXANDR )
DUDAREV, an individual; )
GUARANTEE TRUST LIFE )
INSURANCE COMPANY, an Illinois )
Corporation; and John Does 1-10, )

             Defendants.      )

## DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL

Defendants, INSURANCE SUPERMARKET, INC., ALEXANDR DUDAREV, and

GUARANTEE TRUST LIFE INSURANCE COMPANY ("Defendants"), in accordance with 28

U.S.C. §§ 1441 and 1446, hereby file their Notice of and Petition for Removal (the "Notice").

Defendants request that, pursuant to the Federal Question doctrine and supplemental jurisdiction,

this action filed by Plaintiff, RUBEN ESCANO ("Plaintiff"), be removed from the Sixth Judicial

Circuit Court in and for Grant County, New Mexico to the United States District Court for the

District of New Mexico.  The removal of this action is based on the following:

## I.     RELEVANT FACTUAL BACKGROUND

1.     On or about August 2, 2023, Plaintiff filed a Complaint in the Sixth Judicial Circuit

Court in and for Grant County, New Mexico bearing Case No. D-608-CV-2022-188, and styled

*Ruben Escano v. Insurance Supermarket, Inc., Alexandr Dudarev, Guarantee Trust Life Insurance*

*Company* (hereinafter the "Circuit Court Case").  A true copy of the First Amended Complaint is

Exhibit A                     Exhibit C

                                                Exhibit A

attached hereto as **Exhibit A**.  This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2.      On August 18, 2023, Plaintiff served Defendant with a Summons and the First Amended Complaint.  *See* **Exhibit B**.  Therefore, this Notice has been filed within 30 days after service of the Complaint pursuant to 28 U.S.C. § 1446(b).

3.      A copy of all process, pleadings, and orders served upon Defendant, including the docket sheet from the State Court action, is attached to this Notice as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

4.      Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Sixth Judicial Circuit Court in and for Grant County, New Mexico.

5.      A removal is not proper unless "all defendants who have been properly joined and served ... consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendants have complied with this requirement as all the Defendants consent to the removal of the action.  With respect to Defendants John Does 1-10, it is impossible to ascertain the identities of the improperly plead Defendants.  Further, Defendants John Does 1-10 have not been properly served as of the time of the filing of this Notice of and Petition for Removal, and, therefore, do not need to join in the removal petition.  *See* 28 U.S.C. § 1446(b)(2)(A); *See also N.M. Transp. Union v. City of Albuquerque*, 2014 U.S. Dist. LEXIS 201939 (D.N.M. Dec. 22, 2014).

6.      The district encompassing the place where the Circuit Court Case is pending is the United States District Court for the District of New Mexico. *See* 28 U.S.C. § 1441(a).

7.      A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice.

Exhibit A                                                      Exhibit C
                                                                       Exhibit A

8.    The Notice of Notice of Removal filed in State Court, without exhibits, is attached hereto as **Exhibit C**.

9.    Defendant has requested copies of the State Court records and proceedings which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ. 81.1(a).

10.    In his thirteen-count Complaint, Plaintiff alleges Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-22 ("NMUPA"), when, between August 11, 2021 and January 14, 2022, Defendants "initiated at least twenty automatically-dialed and unsolicited telephone calls" to Plaintiff's cellular telephone number for the purpose of soliciting a sale of consumer goods or services to Plaintiff.  Complaint at ¶¶ 14-35.  Plaintiff claims that Defendants failed to obtain prior express written consent to receive the telephone calls at issue, and that Defendants called Plaintiff utilizing "predictive dialer technology." *Id.*  Plaintiff further claims that because Defendants allegedly called him utilizing predictive dialer technology, Defendants invaded Plaintiff's privacy and required him to divert his attention away from his work and personal life. *Id.* at ¶ 39.

11.    Plaintiff seeks various forms of relief including: (i) damages for each alleged violation of the TCPA pursuant to 47 U.S.C. 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5)(B); (ii) treble damages for each of the alleged willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5); (iii) damages for each of the alleged violations of the NMUPA pursuant to , N.M. Stat. Ann. § 57-12-10(B); (iv) damages for each of the alleged willful violations of the NMUPA pursuant to N.M. Stat. Ann. § 57-12-10(B); (v) alleged damages for trespass to chattels; (vi) punitive damages for Defendants' alleged attempts to avoid legal reproach; (vii) an injunction ordering Defendants to cease their alleged telemarketing

calls to Plaintiff; (viii) attorneys' fees and costs; and (ix) pre and post-judgment interest. *Id.* ¶125 and at p. 16, "Prayer for Relief."

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO FEDERAL QUESTION JURISDICTION

While Congress has explicitly granted concurrent jurisdiction to state and federal courts in TCPA claims, "Congress did not deprive federal courts of federal-question jurisdiction over private suits under the Telephone Consumer Protection Act of 1991." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012). An action filed in state court may be removed to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1441(a). Removing this action pursuant to federal question jurisdiction provide this Court with original jurisdiction over all of Plaintiff's claims as he seeks relief under a federal law, namely under the TCPA, and the remaining claims are removable pursuant to supplemental jurisdiction as these causes of action arise from the exact same set of facts and circumstances as the claims arising under the TCPA.

### A. Federal Question Jurisdiction

In Paragraph 1 of the Complaint, Plaintiff explicitly acknowledges that he brings this case and seeks relief under the TCPA, which is federal law. Specifically, Plaintiff alleges:

> This civil action is brought forth in accordance with the United States Telephone Consumer Protection Act ("TCPA"), codified as 47 U.S.C. § 227, and the New Mexico Unfair Practices Act ("NMUPA"), codified as N.M. Stat. Ann. § 57-12, to, *inter alia*, recover statutory damages for automatically-dialed and unsolicited telemarketing calls, and to enjoin such calls.

*See* Ex. A.[1]  Therefore, this case involves a federal question within the jurisdiction of this Court and should in and of itself suffice to satisfy the jurisdictional requirements.  Notably, this particular Plaintiff has attempted to remand one of his prior TCPA cases back to state court previously, and was denied by this District Court. *Escano v. Concord Auto Protect*, 2021 U.S. Dist. LEXIS 130129 (D.N.M. July 13, 2021)("Given the weight of authority from other districts, as well as this District's routine exercise of jurisdiction over TCPA cases removed from state court and Justice Ginsberg's footnote in *Mims*, the Court finds that Liberty Mutual has established by a preponderance of the evidence that **removal of this case from state to federal court on the basis of federal question jurisdiction was proper.**")

### B.    Supplemental Jurisdiction

In the event the Court exercises jurisdiction under Section 1331, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's remaining causes of action under the NMUPA.  Plaintiff alleges five counts brought under the NMUPA, and one count for trespass to chattels.  These causes of action arise from the exact same set of facts and circumstances as Plaintiff's TCPA claims, i.e. the alleged telephone calls made between August 11, 2021 and January 14, 2022.  In short, Plaintiff's NMUPA claims and the claim for trespass to chattels form part of the same case or controversy raised by Plaintiff's TCPA claims, and, therefore, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate.

## III.    CONCLUSION

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441

---

[1] While Defendants do not believe that Plaintiff has adequately stated a cause of action, the sufficiency of Plaintiff's allegations is not currently before the Court.

and 1446. Accordingly, Defendants respectfully request that the United States District Court for the District of New Mexico accept the removal of this action from the Circuit Court in and for Grant County, New Mexico and direct that the Circuit Court has no further jurisdiction of this matter unless and until this case is remanded and grant such further relief as this Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/Linn E. Gillen*
    Linn E. Gillen
500 Marquette Ave., NW Suite 1050
Albuquerque, NM 87102
(505) 878-0515
Linn.Gillen@jacksonlewis.com
*Attorney for Defendants, Insurance Supermarket, Inc., Alexandr Dudarev, and Guarantee Trust Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and a copy furnished by email to:

Ruben J. Escano,
Pro Se Plaintiff,
2311 Ranch Club Road, Suite #2-180,
Silver City, NM 88061
rubenescano@gmail.com

JACKSON LEWIS P.C.

By: */s/Linn Gillen*
    Linn Gillen

Exhibit A                          Exhibit C
                                                  Exhibit A