IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Damian L. Martínez
United States Magistrate Judge

**CLERK'S MINUTES**

*Escano v. Supermarket, Inc.*
2:23-cv-0793 MIS/DLM

**February 28, 2024**

| | |
|---|---|
| **Attorney for Plaintiffs:** | Ruben Escano, pro se |
| **Attorney for Defendant**: | Linn Gillen |
| **Proceeding**: | Rule 16 Scheduling Conference. |
| **Start Time:** | 1:30 p.m. |
| **Stop Time:** | 2:02 p.m. |
| **Total Time:** | 32 minutes |
| **Clerk:** | DKF |

**NOTES**

- The Court greets the parties. The Court has reviewed the JSR and proposed deadlines; it looks like the parties have requested around 200 days for discovery. The Court asks if initial disclosures have been exchanged. Escano and Gillen are both satisfied with initial disclosures at this point.

- Plaintiff will have until April 11, 2024, to amend/join. Defendant will have until May 10, 2024, to amend/join.

- Discovery will end September 25, 2024. Discovery motions due October 15, 2024. Dispositive motions due October 25, 2024. Plaintiff's experts due July 11, 2024. Defendant's experts due August 12, 2024.

- The Court will allow 25 interrogatories; 40 Requests for Admission; 25 Requests for Production.

- The Court asks the parties about depositions. Escano states he only needs six total. Gillen states that it is her practice group's opinion that three is the most they've ever had for these types of cases. She considers a Rule 30(b)(6) deposition is one deposition even if there is

- more than one deponent. The Court will allow six depositions per side; up to seven hours on the record each.

- Escano asserts that ISI's principal place of business is in Canada and expresses concern about service of notices of deposition. Escano wants to make sure that service on counsel constitutes service on employees of ISI/GTL. Gillen cannot agree to that at this point – she cannot accept service on anyone if she does not know they are there. She does not know who Escano wants to serve. Gillen also states that she is not the primary partner on the file. Escano clarifies that this is only for current employees, not previous. He thought Gillen had agreed to his request. Gillen states that must have been a miscommunication; the client has not cleared that request. She cannot accept service for any non-management employee. She can accept service of RFPs, RFAs, and Interrogatories, but not for non-resident/non-management employees who are not US citizens. The Court states that they can try to work this out in the future for individual employees. Absent authorization, the Court will not require Gillen to accept service on behalf of her clients for notices of depositions.

- The Court asks Escano how he plans to depose non-US citizens. Escano states it could be a virtual deposition.

- The Court asks if the parties would like to set a settlement conference, which must be in person. The Court explains that corporate representatives with full settlement authority may not appear by Zoom. The Court will set the settlement conference on September 5, 2024.

- Plaintiff's letter to defense counsel is due August 2, 2024; defense letter due August 9, 2024; parties must send materials to Court August 16, 2024.

- Ex parte phone calls: to Escano August 21, 2024, at 9:00a.m.; to Gillen August 21, 2024, at 1:30p.m.

- The Court will hold a Status Conference on July 10, 2024, at 9:00a.m. to see if the parties are on track for the settlement conference.

- The Court advises the parties to read and follow the local rules. The Court discusses discovery motions and objections. If the parties have a discovery dispute, the Court encourages the parties to reach out to chambers for an informal conference before filing a motion.

- Escano and Gillen talked about setting a "rate" for Escano's time since he is pro se. The Court will not take a position on the issue at this time.

- There being nothing further, the Court adjourns.